IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL PAUL PUZEY,**

      **Petitioner,**

**v.**

      Criminal Action No's. 3:00cr57-16
      3:00cr64-02

      Civil Action No. 3:04cv63
      (Judge Bailey)

**UNITED STATES OF AMERICA,**

      **Respondents.**

### Report and Recommendation

### I. Introduction

On December 29, 2008, Michael Paul Puzey ("petitioner") filed a Motion to Set Aside Judgment [1] pursuant to the Federal Rules of Civil Procedure Rule 60(b). Petitioner filed his first 28 U.S.C. § 2255 motion on July 26, 2004. The motion was denied on July 15, 2005, and was stricken from the docket. This matter is now before the undersigned for review and report and recommendation.

### II. Analysis

**A. Contentions**

Petitioner alleges that the statute of limitations pursuant to 18 U.S.C. § 3282 had run on

---

[1] Dkt. No. 1326

1

his indictment and, therefore, the indictment was invalid. Additionally, petitioner alleges that he had ineffective assistance of counsel that violated his Due Process rights under the United States Constitution.

**B. Discussion**

Rule 60(b) of the Federal Rule of Civil Procedure states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pr. 60(b). In a Fourth Circuit decision, the Court of Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993), stated:

before a party may seek relief under rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werener v. Cabo, 731 F.2d 204, 207 (4th Cir. 1984). After a party has crossed the initial threshold, he must then satisfy one of the six specific sections of rule 60(b). Carbo at 207.

Vickers v. Pendelton County Bd. of Educ., 2007 WL 2455466 *1, (N.D.W.Va. 2007).

The petitioner's claim that the indictment is not valid is brought pursuant to 60(b)(4), or that the 'judgment is void.' 18 U.S.C. § 3282 states:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282. The petitioner's argument is that the conspiracy charge, Count One, in the

2

indictment[2] alleges that a conspiracy took place from 1990 until the entry of the indictment. He claims that because the events in 1990 occurred more than five (5) years prior to the indictment he cannot be charged under the statute stated above. "A prosecution for conspiracy is timely if, during some portion of the limitations period, (1) the agreement between the conspirators was in existence; and (2) at least one overt act in furtherance of that conspiratorial agreement occurred." U.S. v. United Medical and Surgical Supply Corp., 989 F.2d 1390, 1398 (4th Cir. 1993) quoting Grunewald v. U.S., 353 U.S. 391, 396-97 (1957). "The fact that the conspiracy began outside the limitations period will not prevent prosecution as long as at least one overt act in furtherance of the conspiracy occurred within five years of the indictment." United Medical at 1398; See also U.S. v. Head, 641 F.2d 174, 177 (4th Cir. 1981).

Because the indictment charges that the conspiracy was in effect until the entry of the indictment, which was on or about December 5, 2000, an agreement between the conspirators existed during the limitations period. Furthermore, petitioner was convicted of distributing cocaine on January 13, 2000, and January 28, 2000 in Counts Forty-Four, Fifty-Four, and Fifty-Five of the indictment. Because these acts constitute an overt act in furtherance of the conspiracy and were within the limitations period, the prosecution for conspiracy against petitioner was legal. Accordingly, this claim must be dismissed.

"A Rule 60(b) motion that directly attacks a conviction or sentence is usually barred as a successive application." Sanders v. U.S., 2006 WL 1432347 (D.S.C. 2006) quoting United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28

---

[2]Dkt. No. 1

U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995).  In Winestock, the Fourth Circuit further mandated that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief).

The Winestock court also described the method that courts should use to distinguish proper motions under Rule 60(b) from "'successive applications in 60(b)'s clothing.'" Id. at 207 quoting Lazo v. United States, 314 F. 3d 571, 573 (11th Cir. 2002) (per curiam).  The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider.  Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

The petitioner alleges ineffective assistance of counsel and brings the issue pursuant to Rule 60(b)(6), or "any other reason that justifies justice."  "[T]he United States Court of Appeals for the Fourth Circuit has expressly held that 'a lawyer's ignorance or carelessness do [ *sic* ] not present cognizable grounds for relief under rule 60(b).'"  Vickers at *1 quoting In re Virginia Information Systems Corp. v. Wang Laboratories, Inc., 932 F.2d 338, 342 (4th Cir. 1991).

Petitioner claims that his attorney did not raise the statute of limitations defense and his attorney was unprepared for trial. Petitioner also claims that his lawyer was extremely hard to contact and was not able to communicate with him. However, petitioner has failed to show that this is an exceptional circumstance and, in the words of the Vickers Court, more than a lawyer's 'carelessness or ignorance.' It is also clear that these claims are no more than an attack on petitioner's conviction. Essentially, the claim is that if this defense had been raised, petitioner would not have been convicted. Under Winestock, the Court must find what petitioner characterizes as a 60(b) motion as a successive petition and dismiss the same for lack of jurisdiction.

## IV. Recommendation

The undersigned recommends that petitioner's Motion under Fed. R. Civ. P. 60(b) be **DENIED.**

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Judge John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

5

The Clerk is directed to mail a copy of this Report and Recommendation to the defendant and counsel of record, as applicable.

DATED: July 2, 2009

                                          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE